UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TEDDY ROBBINS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 2:19-CV-27-TAV-DCP |
|  | ) |  |
| GEORGIA CROWELL, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner in the Tennessee Department of Correction, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his 2012 convictions for domestic assault, aggravated assault, especially aggravated kidnapping, and aggravated rape in Scott County, Tennessee [Doc. 2]. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 17], a memorandum in support thereof [Doc. 18], and the state court record [Doc. 16]. Petitioner filed a response in opposition to the motion to dismiss [Doc. 23] and a memorandum in support thereof [Doc. 24].

For the reasons set forth below, Respondent's motion to dismiss the petition as time-barred [Doc. 17] will be **DENIED**, Petitioner is entitled to equitable tolling of the statute of limitations during the time in which he was unaware that the Tennessee Supreme Court ("TSC") had denied his Rule 11 application for discretionary appeal of the Tennessee Criminal Court of Appeals' ("TCCA") affirmance of the denial of his petition for post-conviction relief, Petitioner's § 2254 petition [Doc. 2] is therefore timely, Petitioner's

motion requesting a Court order requiring Respondent to provide him with mail log documents to establish whether he received any legal mail from the TSC or his former counsel between November 16, 2017, and February 1, 2019 [Doc. 4] will be **DENIED as moot**, and Respondent will be **ORDERED** to answer or otherwise respond to the petition within sixty (60) days from the date of entry of this order.

I.  PROCEDURAL HISTORY

On July 26, 2012, a jury in Scott County, Tennessee, found Petitioner guilty of one count of domestic assault, one count of aggravated assault, one count of especially aggravated kidnapping, and one count of aggravated rape [Doc. 16-1 p. 114–17]. Petitioner appealed his convictions to TCCA, which affirmed them, and the TSC denied discretionary review. *State v. Robbins*, No. E2013-00527-CCA-R3-CD, 2014 WL 545481 (Tenn. Crim. App. Feb. 10, 2014), *perm. app. denied* (Tenn. June 23, 2014).

On April 27, 2015, Petitioner filed a pro se petition for a writ of habeas corpus with the state court [Doc. 16-14 p. 4–12]. Appointed counsel subsequently filed two amended petitions [*Id.* at 25–30, 50–62], which the state court dismissed after a hearing [*Id.* at 70–71]. Petitioner appealed this dismissal to the TCCA, which affirmed, and the TSC denied discretionary review. *Robbins v. State*, No. E2016-01531-CCA-R3-PC, 2017 WL 2791186 (Tenn. Crim. App. June 27, 2017), *perm. app. denied* (Tenn. Nov. 16, 2017).

II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for filing an

2

application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

As it does not appear that Petitioner filed a petition for a writ of certiorari with the United States Supreme Court regarding the TSC's decision not to review the TCCA's affirmance of his convictions, his convictions became final ninety days after the TSC entered this decision, specifically on September 22, 2014. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court). The AEDPA clock therefore began to run the next day, on September 23, 2014, and ran for two-hundred and sixteen days until Petitioner filed his petition for post-conviction relief on April 27, 2015, at which point it paused. The AEDPA clock remained paused until November 16, 2017, the day on which the TSC declined discretionary review of the TCCA's affirmance of the dismissal of Petitioner's petition for post-conviction relief. *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. 2011) (providing that the

AEDPA "clock began to run again" after the TSC declined to review a habeas petitioner's post-conviction appeal). Thus, the AEDPA clock began to run again on November 17, 2017, and expired one-hundred and fifty days later on Monday, April 16, 2018. As such, Petitioner's § 2254 petition, which he filed on February 27, 2019, is untimely, unless the Court finds that Petitioner is entitled to equitable tolling of the statute of limitations.

### III. EQUITABLE TOLLING

The AEDPA statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition. *Holland*, 560 U.S. at 649. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In her motion to dismiss the petition as time-barred and supporting memorandum [Docs. 17 and 18], Respondent asserts that Petitioner is not entitled to equitable tolling of the statute of limitations because he waited more than a year to inquire about the status of

4

his pro se Rule 11 application for discretionary appeal with the TSC [Doc. 18 p. 4–5].[1] In support thereof, Respondent cites a Sixth Circuit case holding that the ineffective assistance of post-conviction counsel is not grounds for equitable tolling of the AEDPA statute of limitations, that a petitioner had a duty to monitor the status of an appeal and could not rely on a mistaken belief that counsel was prosecuting the appeal on his behalf to establish that he was entitled to equitable tolling, and that petitioner had not explained his failure to file his petition during a nine-month period. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001). Respondent also relies on *Allen v. Yukins*, 366 F.3d 396, 403–04 (6th Cir. 2004), in which the Sixth Circuit held that reliance on unreasonable or incorrect advice of counsel does not entitle a habeas petitioner to equitable tolling.

In response, Petitioner does not dispute the assertion that his petition is untimely, but asserts that he did not learn that the TSC had denied his Rule 11 application for discretionary appeal until February 6, 2019, because the Tennessee Supreme Court sent the notice that it did so to his former counsel, rather than to Petitioner, even though Petitioner had filed that application pro se, and that this is an extraordinary circumstance that prevented him from timely filing his petition despite his diligent pursuit of his rights [Docs.

---

[1] As set forth above, Petitioner filed a motion requesting that the Court require Respondent to provide mail log documents to establish that Petitioner did not receive any legal mail from his former counsel or the TSC during the relevant time period with his petition [Doc. 4]. As Respondent does not assert that Petitioner had knowledge of the TSC's denial of his Rule 11 application during the relevant time period in her motion to dismiss, however, but rather relies on the assertion that Petitioner was not diligent during this time, the Court finds that Respondent has waived any argument that Petitioner knew of the TSC denial of the Rule 11 petition during the relevant time period and will therefore deny Petitioner's motion seeking the mail log documents as moot.

22 and 23]. Petitioner has filed documents corroborating his account of the relevant events which establish that Petitioner sent his pro se application for permission with appeal to the TSC on August 22, 2017 [Doc. 23-3 p. 1–4] and that the TSC sent a copy of the notice that it had denied Petitioner's Rule 11 application to Petitioner's former counsel and another individual, but not to Petitioner [Doc. 23-2 p. 1–3].

Petitioner also cites *Miller v. Collins*, 305 F. 3d 491 (6th Cir. 2002) in support of his argument that he is entitled to equitable tolling [Doc. 23 p. 8]. In *Miller*, like in this case, the habeas petitioner presented proof corroborating his assertion that he had not received notice of a state court decision that had caused the habeas corpus statute of limitations to expire prior to the petitioner filing his § 2254 petition and the record established that the petitioner had acted diligently upon receiving notice of that decision. *Id.* at 495–96. Noting that "it is a difficult, if not impossible endeavor, to estimate how long a reviewing court will take to decide a particular motion" and that the respondent had failed to argue that it would be prejudiced because of the tolling of the statute of limitations for this time period, the Sixth Circuit found that the petitioner was entitled to equitable tolling of the AEDPA statute of limitations during the nine months in which he did not have notice of the relevant state court decision. *Id.* at 496.

The Court finds that *Miller* is controlling in this case and that Petitioner has established that the fact that the TSC sent notice of its denial of his Rule 11 application to Petitioner's former counsel, rather than to Petitioner, even though Petitioner had filed that application pro se, is an extraordinary circumstance prevented Petitioner from timely filing

his petition despite Petitioner's diligent pursuit of his rights. While Petitioner could have inquired earlier about the status of his Rule 11 application, he had no reason to expect that the TSC would send notice of any relevant decision to his counsel, but not to him, and did not unduly delay his inquiry about the status of his application. Moreover, Petitioner acted diligently in filing his § 2254 petition within twenty-one days of receiving notice that the TSC had denied his Rule 11 application and Respondent has not asserted that tolling the statute of limitations during the time in which Petitioner did not know the TSC had denied his Rule 11 application will prejudice her.

Accordingly, Petitioner is entitled to equitable tolling of the statute of limitations for the time period in which he did not know that the TSC had denied his Rule 11 application for discretionary appeal and Petitioner's § 2254 petition [Doc. 2] is therefore timely.

## IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 17] is **DENIED**;

2. Petitioner is entitled to equitable tolling of the statute of limitations during the time in which he was unaware that the TSC had denied his Rule 11 application for discretionary appeal of the TCCA's affirmance of the denial of his petition for post-conviction relief;

3. Petitioner's § 2254 petition [Doc. 2] is therefore timely;

4. Petitioner's motion requesting a Court order requiring Respondent to provide him with mail log documents to establish whether he received any legal mail from the TSC or his counsel between November 16, 2017, and February 1, 2019 [Doc. 4] is **DENIED as moot**;

5. Respondent is **ORDERED** to answer or otherwise respond to the petition within sixty (60) days from the date of entry of this order;

6. If Petitioner chooses to file a reply, he shall do so within twenty-one (21) days of the response; and

7. Petitioner is **ORDERED** to immediately inform the Court and Respondent of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE